CITY OF KANSAS, Defendant in Error, *v.* PHILIP KELLY AND JOHANNA KELLY, Plaintiffs in Error.

*Practice—Instructions—Bill of Exceptions.*—Unless the evidence be preserved in the bill of exceptions, the Supreme Court cannot pass upon errors in giving and refusing instructions—Broadwell v. Bouton, *ante* p. 401.

*Error to Kansas City Criminal Court.*

FAGG, Judge, delivered the opinion of the court.

In the absence of any argument or brief, it is difficult to determine upon what grounds a reversal of the judgment in this case can be claimed. It seems to have been a proceeding originally instituted against the plaintiffs in error, before the recorder of Kansas City, for disturbing the peace. The parties were tried and a fine assessed against them, when an appeal was taken to the Kansas City Criminal Court. The parties were again tried in that court, and again adjudged to pay a fine to the city; whereupon the case is brought to this court by writ of error. The bill of exceptions discloses the fact that there was a motion made in the Criminal Court to dismiss the cause for the reason that it appeared from the evidence that the parties should have been put upon trial for an offence of which the recorder had no jurisdiction.

The motion was overruled and defendant excepted. Admitting that the facts, if true, constitute good grounds for sustaining the motion, still it is impossible for this court to determine what the offence was, because no part of the testimony is preserved in the bill of exceptions. Declarations of law were also asked by the counsel for plaintiffs in error and refused by the court, but whether there was error in such refusal or not it is impossible to determine without first ascertaining whether they were supported by the evidence in the cause.

No reason appearing upon an examination of the record for the reversal of the judgmemt, it will be affirmed. The other judges concur.